IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-511-FL

| | |
|---|---|
| SHELLY BERRY-SYLLA, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the court on plaintiff's motion for judgment on the pleadings (DE 23) and defendant's motion to remand for further administrative proceedings (DE 25). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Brian S. Meyers, entered memorandum and recommendation ("M&R") (DE 28), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand for an award of benefits. Defendant timely objected, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for an award of benefits.

### BACKGROUND

On July 23, 2013, plaintiff filed an application for a period of disability and disability insurance benefits. Plaintiff also filed an application for supplemental security income on February 10, 2014. Both applications alleged disability beginning January 10, 2013. The applications were denied initially and upon reconsideration. A first hearing was held on March 3, 2016, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled

in decision dated April 6, 2016. The appeals council denied plaintiff's request for review, and plaintiff commenced a prior action in this court, seeking judicial review of defendant's decision. See 5:17-CV-409-BO. At hearing held June 29, 2018, the court granted by oral order plaintiff's motion for judgment on the pleadings and remanded the case for rehearing.

On remand, a second hearing was held on June 4, 2019, before the same ALJ, who determined that plaintiff was not disabled by decision dated August 29, 2019. Plaintiff commenced the instant action on September 29, 2019, once again seeking judicial review of defendant's decision.

## COURT'S DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record

---

[1]     Internal citations and quotation marks are omitted from all citations unless otherwise specified.

evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

<u>Johnson v. Barnhart,</u> 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. <u>Pass v. Chater,</u> 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since January 10, 2013, the alleged onset date. At step two, the ALJ found that plaintiff had the following severe impairments: bilateral carpal tunnel syndrome, fibromyalgia, hypertension, headaches, diabetes mellitus with peripheral neuropathy, hyperthyroidism, obesity, depression, and post-traumatic stress disorder. However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ made the following residual functional capacity ("RFC") findings:

> 5. After careful consideration [REDACTED] claimant has the residual funct[REDACTED] 404.1567(b) and 416.967(b), wi[REDACTED] overhead lifting, reaching, pus[REDACTED] to lift, reach, push, and pull in [REDACTED] upper extremity to finger, gras[REDACTED] upper extremity to finger, gras[REDACTED] climbing of ladders, ropes, or s[REDACTED]
>
> temperatures, vibrations, and [REDACTED] parts and unprotected heights. [REDACTED] reasoning level of "two," as des[REDACTED] the commonsense understandi[REDACTED] instructions in two-hour interv[REDACTED] workers and supervisors and o[REDACTED] She is limited to low-stress occu[REDACTED] production quotas on a defined [REDACTED]

(Tr. 831-832).

At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.    Analysis

Defendant objects to the magistrate judge's determination that remand for an award of benefits is required, where it is undisputed that the ALJ erred at step five in finding there are jobs that exist in in significant numbers in the national economy that plaintiff can perform. Defendant argues in his objections that remand for further administrative proceedings is required because a fact finder must "determine the first date that the claimant met the statutory definition of disability and this date 'must be supported by the medical and other evidence and be consistent with the nature of the impairment(s).'" (Def's Obj. (DE 29) at 2-3 (quoting Social Security Ruling 18-1p, 83 Fed. Reg. 49613, 49615 (Oct. 2, 2018))).

Upon de novo review of the record, the court finds that the magistrate judge addressed cogently defendant's arguments. The court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1). The court writes separately to augment the analysis of the M&R as it relates to the contentions raised in defendant's objections.

In reliance upon Social Security Ruling 18-1p, defendant argues that no fact finder has examined the record and made a finding "regarding the date plaintiff first met the statutory definition of disability." (Def's Obj. (DE 29) at 3). This argument misses the mark because Social Security Ruling 18-1p does not call for remand for further findings under circumstances such as those presented in this case. Rather, Social Security Ruling 18-1p provides general guidelines for

determining established onset date of disability (EOD). For example, it states: "Generally, the EOD is the earliest date that the claimant meets both the definition of disability and the non-medical requirements for entitlement to benefits . . . during the period covered by his or her application." Social Security Ruling 18-1p, 83 Fed. Reg. 49613 (Oct. 2, 2018). For non-traumatic impairments, as here, it provides:

> We consider whether we can find that the claimant first met the statutory definition of disability at the earliest date within the period under consideration, taking into account the date the claimant alleged that his or her disability began. We review the relevant evidence and consider, for example, the nature of the claimant's impairment; the severity of the signs, symptoms, and laboratory findings; [and] the longitudinal history and treatment course. . . .

Id., 83 Fed. Reg. 49613, 49615.

In this case, the ALJ's RFC determination provides all the findings that are needed regarding disability onset date. In particular, the ALJ's RFC analysis does not draw any distinction in RFC limitations depending upon the time period between the alleged onset date and the date last insured. (See Tr. 831-832). Rather, the ALJ makes a single RFC determination based upon the entire time period. (See id.). Where the RFC determination is made without differentiation in time period, and where the RFC determination compels a conclusion that plaintiff is disabled, there is no basis to remand for further administrative proceedings.

This conclusion is supported further by comparison to other instances where the court of appeals has determined that a remand for award of benefits is required. For example, in Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 111 (4th Cir. 2020), the court of appeals directed remand for an award of benefits based upon a plaintiff's disability caused by "a combination of comorbid conditions including fibromyalgia, degenerative disc disease, and carpal tunnel syndrome." Id. at 111. In describing the process for determining disability, the court noted:

6

> At [the] final step, the ALJ must determine whether the claimant can perform other work considering her Residual Functional Capacity, age, education, and work experience. Here, the ALJ typically relies on a vocational expert's testimony. If able to perform other work, the claimant is not disabled. If unable, the claimant is disabled. The burden of proof lies with the claimant during the first four steps but shifts to the Commissioner at step 5.

Id. at 90. Notably, for purposes of the instant analysis, the court of appeals did not require any further determination as to the onset date of disability, even though, as here, the ALJ's decision originally was based upon a determination that the plaintiff was not disabled and thus did not involve an express finding of the date of disability onset. See id. at 95; see also Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006) (remanding for award of benefits, without requiring additional findings regarding date of disability onset); Crider v. Harris, 624 F.2d 15, 16–17 (4th Cir. 1980) (same).

By contrast, in Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013), the court held that remand for award of benefits was not appropriate, and that remand for further administrative proceedings was required. The court noted, "[i]f the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Id. at 295. There,

> The ALJ's decision regarding the applicability of Listing 1.04A is devoid of reasoning. He summarily concluded that Radford's impairment did not meet or equal a listed impairment, but he provided no explanation other than writing that he "considered, in particular," a variety of listings, including Listing 1.04A, and noting that state medical examiners had also concluded "that no listing [was] met or equaled." This insufficient legal analysis makes it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.

Id. Here, unlike in Radford, the ALJ's decision includes all the findings that are necessary to make a disability determination, on the face of the ALJ's RFC determination and the VE testimony. While defendant attempts to point to evidence that could be weighed in favor of a different RFC determination, such reweighing of the evidence is not warranted where substantial evidence

7

supports the ALJ's factual findings, as here. (See, e.g., Tr. 832 (noting that "claimant advised that she had carpal tunnel syndrome in both hands with the left hand more affected than her right"); Tr. 872-873 (testifying, with respect to carpal tunnel, that the "left hand is worse," she is right-handed, and there is nothing that "makes the left hand pain better")); Tr. 834 (noting "electromyography" indicating "carpal tunnel syndrome was mild on the left and mild- to- moderate on the right"); Tr. 1158 (summarizing test as "electrophysiologic evidence of bilateral distal median mononeuropathies, supportive of the clinical diagnosis of bilateral carpal tunnel syndrome, electrophysiologically mild to moderate on the right and mild on the left. . . . there has been slight worsening bilaterally")).

In sum, "where [the] case [is] quite old, record [has] no need to be reopened, and the case [has] already been on appeal once before," reversing and remanding defendant's decision for an award of benefits is warranted. Radford, 734 F.3d at 295 (citing Breeden v. Weinberger, 493 F.2d 1002, 1011–12 (4th Cir.1974)).

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 28). Plaintiff's motion for judgment on the pleadings (DE 23) is GRANTED and defendant's motion to remand for further administrative proceedings (DE 25) is DENIED. Defendant's decision is REVERSED and REMANDED for an award of benefits. The clerk is DIRECTED to close this case.

SO ORDERED this 30th day of March, 2022.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge